UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.F.U.G., | No. 1:26-cv-00557-KES-SKO (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, | Doc. 1 |
| Respondents. | |

Petitioner M.F.U.G. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1] Docs. 1, 2. The Court has previously addressed the legal issues raised by claim one of the petition. *See, e.g.*, *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *R.A.N.O. v. Wofford* and *Ramazan M. v. Andrews*

---

[1] Petitioner's motion to proceed via pseudonym was granted by separate order.

1

and that would justify denying the petition. Doc. 6. Respondents state that "[t]here appears to be no substantive distinction between this case and the other cases cited in the Court's minute order." Doc. 10 at 2. The Court has previously addressed respondents' arguments in *R.A.N.O. v. Wofford* and *Ramazan M. v. Andrews*. Respondents agree that judicial economy weighs in favor of the Court ruling directly on the petition and they do not request a hearing. *Id.* at 1–2.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

　　Dated:　　January 27, 2026

　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other cause of action as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.